IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| HAROLD BENSON | : | No. 07-cr-599 |

## MEMORANDUM

PRATTER, J.  APRIL 4, 2022

Harold Benson asks the Court to reduce his sentence under 28 U.S.C. § 2255. The Government opposes the motion. Because it lacks merit, the Court denies Mr. Benson's motion.

### BACKGROUND

Mr. Benson was charged with conspiracy to commit robbery involving controlled substances in violation of 18 U.S.C. § 2118(d), armed robbery involving controlled substances in violation of 18 U.S.C. §§ 2118(c)(1) and (c)(2), and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The charges arose out of an armed robbery of a pharmacy committed by Mr. Benson and others on January 13, 2007, in which Mr. Benson shot off a pharmacist's hand with a sawed-off shotgun.

Mr. Benson pled guilty to all charges on February 23, 2009. In light of the plea agreement, the Court imposed a sentence of 198 months, to be followed by 5 years of supervised release. Mr. Benson's term of imprisonment ended on November 23, 2021, and he is currently under supervised release.

Mr. Benson filed a petition under 28 U.S.C. § 2255. He challenges the sentence imposed for carrying and using a firearm in relation to the robbery, adjudged to be a crime in violence, in violation of 18 U.S.C. § 924(c)(1)(a). He contends that the predicate offense of robbery involving controlled substances no longer qualifies as a "crime of violence" following the Supreme Court's

1

decision in *Johnson v. United States*, 576 U.S. 591 (2015). The Government delayed responding to his motion while court rulings on the effect of *Johnson* remained pending. The Government has now filed a response in opposition to the petition.

## LEGAL STANDARD

Section 2255 allows a prisoner in federal custody to move to vacate or set aside his sentence if it was "imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 "provides relief for jurisdictional and constitutional claims, as well as for certain nonconstitutional claims." *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020). When a petitioner challenges his sentence as flawed, a nonconstitutional claim, § 2255 only provides a remedy in two circumstances. *Id.* at 602. First, a petitioner may succeed by showing that "a sentencing error resulted in 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)). Second, a petitioner may succeed by showing that a sentencing error "constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice[.]'" *Id.* (quoting *Timmreck*, 441 U.S. at 783).

## DISCUSSION

**I. Pharmacy Robbery in Violation of Section 2118 is a Crime of Violence Under the Elements Clause of Section 924(c)**

Mr. Benson asserts that his sentence should be reduced as a result of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson* and the subsequent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court invalidated "residual clauses"

2

for establishing whether a crime qualifies as violent. Mr. Benson argues that his count for pharmacy robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3).[1]

Section 924(c) applies to a person who uses or carries a firearm during and in relation to a "crime of violence." In subsection 924(c)(3), the statute has two provisions defining a "crime of violence", known as the elements clause (subsection A) and the residual clause (subsection B):

> (3) For purposes of this subsection the term 'crime of violence' means an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(B)(3).

In *Davis*, the Supreme Court invalidated the residual clause, § 924(c)(3)(B), as unconstitutionally vague. 139 S. Ct. at 2336. This leaves only the "elements" clause, § 924(c)(3)(A), as a viable basis for a heightened penalty.

Mr. Benson pled guilty to pharmacy robbery in violation of 18 U.S.C. § 2118.[2] This statute applies to:

> Whoever takes or attempts to take from the person or presence of another *by force or violence or by intimidation* any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration . . .

18 U.S.C. § 2118(a) (emphasis added). Thus, the only issue is whether robbing a pharmacy "by intimidation" constitutes a crime of violence under the elements clause, § 924(c)(3)(A).

---

[1] Although Mr. Benson emphasizes that his predicate crime involves "aiding and abetting" a pharmacy robbery, this does not change the Court's analysis. An aider or abettor "is punishable as a principal." 18 U.S.C. § 2(a).

[2] Mr. Benson's § 924(c) count referred to both the substantive charge and conspiracy charge. Doc. No. 35, at 5. However, the Court of Appeals has held that any suggestion that the conspiracy charge is *not* a crime of violence falls away when the defendant is also convicted of the substantive offense. *See United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1091 (2021).

3

On remand from the Supreme Court's *Johnson* opinion, the Third Circuit Court of Appeals interpreted the phrase "by force and violence, or by intimidation" in an analogous context, and found that this phrase establishes a crime of violence under the elements clause, § 924(c)(3)(A). *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018). Therefore, the least culpable form of pharmacy robbery under the elements clause of § 2118 qualifies as a crime of violence.

## II.  Mr. Benson's Argument that a Pharmacy Counts as a "Person" is Unavailing

Mr. Benson also argues that the pharmacy robbery statute differs from other robbery statutes in its use of the phrase "by force or violence or by intimidation" because "the target of the robbery need not even be an actual human being, as the government is permitted to claim that a pharmacy constitutes a 'person' within the meaning of § 2118(a)." Doc. No. 75, at 5. But this argument is inapposite.

Mr. Benson argues that the Court should apply the meaning of a "person" registered with the DEA (which includes pharmacies) to the use of "person" in the phrase "takes from a person or presence of another" such that taking from a pharmacy's "presence" meets this element without a human being present. This is tenuous at best.[3] But even if the Court were to accept this reading, it does not remove the § 2118(a) element of "by force or violence or by intimidation." The least culpable of these phrases, intimidation, means the "threatened use of violent physical force." *United States v. Burke*, 943 F.3d 1236, 1239 (9th Cir. 2019). Even if pharmacy robbery were construed to include instances in which a person is not present in the pharmacy at the timing of the

---

[3] The Third Circuit Court of Appeals has explained that, under the federal robbery statutes, "property is in the *presence* of a person if it is so within his reach, observation or control, that he could if not overcome by violence or prevented by fear, retain his possession of it." *United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998) (internal quotation marks omitted). Thus, "the victim's proximity to the property is a predicate of the crime." *United States v. Kimble*, 178 F.3d 1163, 1168 (11th Cir. 1999). Under this interpretation, it would strain reason to argue that one may "take from the person or presence of" a corporation or company.

taking, "intimidation" of the pharmacy to take controlled substances would qualify as a crime of violence. For example, if a defendant threatened to detonate a bomb in an empty pharmacy in order to steal controlled substances, this would still be considered a crime of violence. *See* 18 U.S.C. § 924(c)(3)(A) (defining a crime of violence to mean a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another) (emphasis added).

Each court of appeals to interpret the phrase "by force or violence or by intimidation" in the § 2118(a) pharmacy robbery statutory text has found that pharmacy robbery is a crime of violence. *See, e.g.*, *Boulanger v. United States*, 978 F.3d 24, 32–34 (1st Cir. 2020); *Wingate v. United States*, 969 F.3d 251, 264 (6th Cir. 2020); *United States v. Burke*, 943 F.3d 1236, 1238–39 (9th Cir. 2019); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam). "There is simply no room to find robbery involving controlled substances under § 2118(a) is anything but a crime of violence under § 924(c)(3)(A)'s elements clause." *Burke*, 943 F.3d at 1239. Therefore, the Court rejects Mr. Benson's "pharmacy as person" argument and finds that the predicate crime of pharmacy robbery qualifies as a crime of violence under § 924(c).

## CONCLUSION

For the reasons discussed above, the Court denies Mr. Benson's challenge to his sentence under § 924(c). An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE